UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY CLARDY,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | NO. EDCV 05-01102-MAN<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed a Complaint on December 5, 2005, seeking review of the denial by the Social Security Commissioner ("Commissioner")[1] of his claim for supplemental security income benefits ("SSI"). On December 17, 2005, the parties consented to proceed before the undersigned, pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on August 8, 2006, in which: Plaintiff seeks an order reversing the Commissioner's decision and remanding the case for further proceedings;

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted in place of Commissioner Joanne B. Barnhart as the Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

and Defendant requests that the Commissioner's decision be affirmed. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for SSI on December 15, 2003. (Administrative Record ("A.R.") 48-50.) Plaintiff claims to have been disabled since May 1, 1989, due to diabetes, high blood pressure, and chronic obstructive pulmonary disease. (A.R. 12, 48, 56.) He has past relevant work experience as a warehouse worker. (A.R. 56.)

The Commissioner denied Plaintiff's claim for benefits initially and upon reconsideration. (A.R. 19-31.) On June 14, 2005, Plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Jay Levine ("ALJ"). (A.R. 216-39.) On August 24, 2005, the ALJ denied Plaintiff's SSI claim, and the Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. (A.R. 12-17, 4-6.)

**SUMMARY OF ADMINISTRATIVE DECISION**

In his August 24, 2005 written decision, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 15, 2003, and met the disability insured status requirements as of that date. (A.R. 12, 16.) The ALJ found that Plaintiff has impairments consisting of diabetes mellitus, hypertension, and chronic obstructive pulmonary disease, but that Plaintiff does not have a "severe"

impairment or combination of impairments. (A.R. 13, 16.) In addition, the ALJ found that Plaintiff's testimony regarding the degree of his impairments and limitations was not credible. (A.R. 15-16) Accordingly, the ALJ concluded that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 16.)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of Health and Human Serv., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and

free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id*. at 1041; *see also* <u>Morgan v. Comm'r. of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999); <u>Flaten v. Secretary</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges two issues. <u>First</u>, Plaintiff contends that the ALJ erred in considering the evidence submitted by his treating physician. <u>Second</u>, he contends that the ALJ improperly assessed his credibility. (Joint Stip. at 3.)

**A.   The ALJ's Finding At Step Two Constitutes Error.**

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on [a claimant's] ability to work.'" <u>Smolen</u>, 80 F.3d at 1290 (citing Social Security Ruling 85-28 and <u>Yuckert v. Bowen</u>, 841 F.2d 303 (9th Cir. 1988)); 20 C.F.R. § 416.921 ("[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."); *see also* <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955-56 (9th Cir. 2001)(ALJ's finding that claimant's mental impairment was not severe was not supported by substantial evidence, because every mental health professional who examined claimant found significant mental problems). The "severity" requirement is merely "a *de minimis* screening device to dispose of groundless claims." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1158 (9th Cir. 2001)(citing <u>Smolen</u>, 80 F.3d at 1290). "[A] claim

4

may be denied at step two only if . . . a finding [that the relevant impairments are not medically severe] is *clearly established by medical evidence.*" Social Security Ruling 85-28 (emphasis added).

Plaintiff contends that the ALJ erred at Step Two in finding that he has no "severe" impairments. (Joint Stip. at 4.) Plaintiff further contends that, in so finding, the ALJ failed to consider adequately the opinion submitted by his treating physician, Dr. A. Peraino, regarding Plaintiff's impairments. (*Id.*)

The ALJ found that Plaintiff's impairments of diabetes mellitus, hypertension, and chronic obstructive pulmonary disease are not "severe," in that they "do not more than minimally affect [Plaintiff's] ability to perform basic work-related activities." (A.R. 13.) In reaching this determination, the ALJ rejected the opinion submitted by Dr. Peraino, and relied upon the opinion of Dr. Nicholas Nassar, an internal medicine physician who examined Plaintiff at the request of the Commissioner, stating:

> The Administrative Law Judge gives less weight to the opinion of Dr. [Peraino], to the extent that [Plaintiff] has functional limitations caused by diabetes, hypertension, and/or possibly COPD. His opinion is inconsistent with, and is not supported by, the substantial medical evidence of record, and he has not provided adequate rationale in support of his opinion. Dr. [Peraino] did not respond to the question on the form that requested medical findings in support of his assessment (Exhibit 9F, p.3). Dr. Nassar, on the other hand,

5

       concluded that [Plaintiff] had no restriction that limits his ability to function (Exhibit 6F, p.5). Other than the conclusory Medical Source Statement by Dr. [Peraino] (Exhibit 9F, p.2), there are no objective findings or medical evidence that contradicts his opinion. The Administrative Law Judge therefore accepts the opinion of consultative internist, Dr. Nassar over the opinion of Dr. [Peraino].

(A.R. 15.)

    A review of Dr. Nassar's opinion shows that it was based upon his physical examination and Plaintiff's self-reported history, but only modest objective testing, such as range of motion testing and an assessment of Plaintiff's vital signs. While Dr. Nassar noted that he reviewed some medical records, the extent of his record review is not clear. (A.R. 185.) Moreover, the record contains x-rays and ECGs suggesting that Plaintiff's limitations resulting from his impairments could be greater than the limitations Dr. Nassar found. (A.R. 166 –- October 22, 2003 chest x-ray showing chronic obstructive pulmonary disease; 183 –- January 9, 2004 abnormal ECG indicating "probable inferior infarction"; 184 – January 8, 2004 abnormal ECG indicating "possible ischemia"; 190 –- March 11, 2004 chest x-ray showing "[p]ossibility of chronic obstructive pulmonary disease cannot be ruled out."). Thus, it is unclear whether Dr. Nassar based his assessment on a sufficiently complete picture of Plaintiff's condition, giving due consideration to all relevant medical evidence of record. *See* 20 C.F.R. § 416.917 ("[i]f we arrange for [a consultative] examination or test, . . . [w]e will also give the examiner any necessary background

information about your condition."); Nalley v. Apfel, 100 F. Supp. 2d 947, 953 (S.D. Iowa 2000)("when a claimant is sent to a doctor for a consultative examination, all the available medical records should be reviewed by the examiner"). *See also* Hurstrom v. Barnhart, 233 F. Supp. 2d 1159, 1166 (S.D. Iowa 2002)("There is no indication that either [consultative physician] had access to any of the medical records which were available at the time of their examinations. . . . Even if Plaintiff told the consulting doctors that he had no limitations, these statements are not credible in light of the numerous laboratory reports showing that his blood sugar is out of control."); Ladue v. Chater, 1996 WL 83880, *5 (N.D. Cal. 1996)(requiring remand where "[t]he ALJ failed to conform to 20 C.F.R. § 404.1517 requiring that the consultative examiner be provided with necessary background information regarding the claimant's condition [and] it appears from the record that the ALJ gave Dr. Mehta's consultative report considerable weight, even though Dr. Mehta was lacking important background information regarding plaintiff"). As a result, the Court cannot confirm whether Dr. Nassar's opinion constitutes substantial evidence.

In a June 4, 2004 Diabetes Questionnaire, Dr. Peraino indicated that Plaintiff: had experienced no acidosis in the past year; had not sustained any amputations due to diabetic necrosis or peripheral vascular disease; had no visual abnormalities due to diabetes; and had no neuropathy. (A.R. 211.) When asked to indicate "other observable conditions or pertinent clinical findings that might affect [Plaintiff's] functional abilities," Dr. Peraino stated only that Plaintiff had "some episodes of hypoglycemia." (*Id.*) In a corresponding Medical Source Statement, when asked to indicated

Plaintiff's ability to do work-related activities, Dr. Peraino indicated that Plaintiff: has an ability to lift and carry which is unaffected by his impairments; can stand and/or walk at least two hours in an eight-hour workday; can sit six hours in an eight-hour workday; can balance frequently; stoop, kneel, and crouch occasionally; and cannot climb or crawl. (A.R. 212-13.)

The ALJ's description of Dr. Peraino's findings as "inconsistent" with the medical record is not entirely correct. As noted above, there is objective evidence that provides a basis for Plaintiff's claimed symptoms and limitations. Other evidence in the record further suggests there may be some basis for the limitations he found.[2] Nevertheless, as the ALJ recognized, Dr. Peraino failed to cite supporting treatment records or clinical findings. *See* Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)("The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)(ALJ may reject the opinion of either a treating or examining physician if that opinion is conclusory, brief, and unsupported by clinical findings). However, given the lack of other adequate evidence of record regarding Plaintiff's residual functional capacity, it was error to reject Dr. Peraino's opinion outright -- which, even though

---

[2] *See* A.R. 225-26 -- Plaintiff's testimony that he was hospitalized after being taken to the emergency room by an ambulance when his blood sugar dropped too low and he blacked out; 152 -- November 7, 2003 Kaiser Permanente emergency room notes, indicating that Plaintiff had been brought by ambulance, was diagnosed as insulin-dependent, and given glucose; 170-71 -- January 8, 2004 Queen of Angels-Hollywood Presbyterian Medical Center progress notes, indicating that Plaintiff was brought into the emergency room for left-sided chest pain and diagnosed with rule out myocardial infarction.

defective, was the only medical opinion from a treating source directly opining on Plaintiff's limitations in a work setting -- without first attempting to develop its basis further.

Thus, in view of the scant and ambiguous medical evidence, further development of the record is necessary. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)(*citing* Tonapetyan v. Halter, 242 F.3d 1147, 1150 (9th Cir 2001))(ALJ's duty to supplement the record may be triggered by ambiguous evidence); *see also* 20 C.F.R. § 416.919a(b)(listing situations requiring a consultative examination, such as a conflict, inconsistency, ambiguity, or insufficiency in the evidence); 20 C.F.R. § 416.917 (when a claimant's medical sources provide insufficient evidence to determine whether the claimant is disabled, a consultative examination may be ordered); *see* also 20 C.F.R. § 416.912(e)(duty to re-contact treating physician); Thomas, 278 F.3d at 957 (requirement in 20 C.F.R. § 416.912(e) that the Commissioner re-contact treating sources is triggered where the information from the treating sources is inadequate to make a determination regarding disability). On remand, the ALJ should attempt to contact Dr. Peraino to allow him to provide a basis for his June 4, 2004 Medical Source Statement and should obtain a further medical opinion, if necessary, from a consultative or medical expert based on Plaintiff's complete medical record.

Accordingly, the ALJ's finding at Step Two that Plaintiff has no "severe" impairment is not based on substantial evidence and constitutes error.

///

///

**B.    The ALJ Erred In Rejecting Plaintiff's Credibility Regarding His Claimed Limitations And Symptoms.**

The Court will give great weight to the ALJ's credibility assessment. Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Brawner v. Secretary, 839 F.2d 432, 433 (9th Cir. 1988)(recognizing that the ALJ's credibility determination is to be given great weight when supported specifically). In rendering a credibility evaluation, the ALJ may consider: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." Smolen, 80 F.3d at 1284. When an ALJ's decision rests on a negative credibility evaluation, "the ALJ must make findings on the record and must support those findings by pointing to substantial evidence on the record." Cequerra v. Secretary, 933 F.2d 735, 738 (9th Cir. 1991); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995)(the ALJ's findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony").

In rejecting Plaintiff's claimed symptoms and limitations, the ALJ specifically noted that Plaintiff had no limitations or symptoms resulting from the side effects of his medications:

> [Plaintiff's] written statements and testimony concerning his
> symptoms and their impact on his ability to work are not

> entirely credible. [Plaintiff's] credibility is reduced by the lack of objective medical evidence to substantiate disability. The objective medical evidence substantiates that [Plaintiff] does not have a medically determinable impairment that more than minimally affects his ability to perform basic work-related activities.

(A.R. 15.)

Plaintiff maintains that the ALJ's credibility rejection constitutes error. Specifically, Plaintiff contends that the ALJ improperly assessed his credibility, because he failed to state which symptom testimony is not credible and what facts in the record supported that conclusion. (Joint Stip. at 11.)

At the hearing, Plaintiff testified about problems arising from his impairments, such as passing out due to low blood sugar (A.R. 225-26), and having pain and numbness in his feet, which makes standing and walking difficult (A.R. 226-27). He further stated that he could walk a couple blocks before his feet began to hurt. (A.R. 227.) Certainly, the record contains evidence regarding both Plaintiff's diabetes and foot problems.[3] The ALJ's assertion that there is no objective evidence

---

[3] See A.R. 98 -- August 28, 2002 progress note, indicating diabetic feet; 108 -- undated progress note, indicating painful callouses on both feet; 111 -– July 24, 2001 progress note, indicating "shakiness and sweatiness"; 112 -- June 13, 2001 progress note, indicating diabetic feet; 113 -- April 11, 2001 progress note, indicating diabetic feet but no signs of infection; 114 -- January 13, 2001 progress note, indicating diabetic feet; 152 -- November 7, 2003 Kaiser Permanente emergency room notes, indicating that Plaintiff was insulin-dependent and given glucose.

11

of record to support his claimed symptoms and limitations is, therefore, incorrect. Regardless, it is error to require a claimant to adduce evidence supporting the extent of his claimed symptoms and limitations. *See* Tonapetyan, 242 F.3d at 1147-48; Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989). Furthermore, as Plaintiff contends, the ALJ erred by not delineating or differentiating his reasons for rejecting Plaintiff's claimed limitations and symptoms. Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir. 1979).

Accordingly, the ALJ's rejection of Plaintiff's claimed limitations and symptoms constitutes error.

**C.  Remand Is Required.**

Here, remand is appropriate to allow the ALJ the opportunity to correct the above errors. *See* McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, the denial of benefits is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order. Judgment shall be entered reversing the decision of the Commissioner, and remanding the matter for further administrative action consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 8, 2007

/s/
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE