UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARRY CLARDY,** | Case No. EDCV 05-1102-MAN |
| **Plaintiff,** | |
| v. | ORDER RE: MOTION FOR ATTORNEY FEES PURSUANT TO |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social** **Security Administration,** | 42 U.S.C. § 406(b) |
| **Defendant.** | |

On June 18, 2008, counsel for plaintiff filed a Notice of Motion and Motion for Attorney Fees Pursuant to 42 U.S.C. § 1383 (d)(2)(A) [406(b)], with a supporting memorandum of points and authorities and declaration by plaintiff's counsel, William M. Kuntz (collectively, the "Motion"). The Motion requests payment of attorney's fees in the total amount of $3,152.75 for 14 hours and 50 minutes of attorney time expended in this action before this Court. On June 27, 2008, defendant filed a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff's counsel represented plaintiff before the United States District Court pursuant to a contingency fee agreement ("Agreement"), which provides in Paragraph 3 that "client will pay attorney a fee equal to 25% of all past due benefits resulting from the favorable decision on this Social Security and/or SSI Disability claim." (Motion at 3, Declaration of William M. Kuntz ("Decl.") at ¶ 2, Exhibit 1.) On March 8, 2007, the Court remanded this case for further administrative proceedings. (Decl. ¶ 3, Exhibit 2A.) On remand, the Commissioner issued a decision granting plaintiff's application for benefits. (Motion at 3, Decl. ¶ 3, Exhibit 2B.) Plaintiff was subsequently awarded $40,611.00 in retroactive benefits. (Motion at 3, Decl. ¶ 4, Exhibit 3.) Pursuant to a stipulation of the parties and Order of this Court filed on June 11, 2007, plaintiff's counsel was awarded the sum of $2,423.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Motion at 3.)

**APPLICABLE LAW**

Section 406(b) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . . In case of any such judgment,

1       no other fee may be payable . . . for such representation
2       except as provided in this paragraph.

4 42 U.S.C. § 406(b)(1)(A).[1]

6     In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court
7 held that Section 406(b)

9       does not displace contingent-fee agreements as the primary
10       means by which fees are set for successfully representing
11       Social Security benefits claimants in court. Rather, §
12       406(b) calls for court review of such arrangements as an
13       independent check, to assure that they yield reasonable
14       results in particular cases. Congress has provided one
15       boundary line: Agreements are unenforceable to the extent
16       that they provide for fees exceeding 25 percent of the
17       past-due benefits. Within this 25 percent boundary . . . the
18       attorney for the successful claimant must show that the fee
19       sought is reasonable for the services rendered.

21 *Id.* at 807 (citations omitted).

23     The hours spent by counsel representing the claimant and counsel's
24 "normal hourly billing charge for noncontingent-fee cases" may aid "the

---

[1] For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or fee agreement. 42 U.S.C. § 406(a). In the event of a determination favorable to the claimant, the Commissioner "shall . . . fix . . . a reasonable fee" for the attorney's services. 42 U.S.C. § 406(a)(1).

court's assessment of the reasonableness of the fee yielded by the fee agreement." Gisbrecht, 535 U.S. at 808. The Court appropriately may reduce counsel's recovery

> based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* (citations omitted); *see also* Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)(identifying factors relevant to adjustment of an attorney's lodestar figure).

Significantly, since Gisbrecht, district courts have been deferential to the terms of contingency contracts in Section 406(b) cases, recognizing that the resulting *de facto* hourly rates typically exceed those for non-contingency fee arrangements. *See* Ellick v. Barnhart, 445 F. Supp. 2d, 1166, 1169-71 (C.D. Cal. 2006)(surveying post-Gisbrecht cases and finding decisions approving fee awards involving range of net hourly rates of up to $982 per hour); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)(awarding $25,132.50 in Section 406(b) fees, equivalent to $450 per hour, and citing, *inter alia*, Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002)(awarding $10,189.50, equivalent to $605 per hour), and Coppett v. Barnhart, 242 F. Supp. 2d 1380 (S.D. Ga. 2002)(awarding $6,554.12,

equivalent to $350.49 per hour)); *see also* Mudd v. Barnhart, 418 F.3d 424, 427 (4th Cir. 2005)(affirming denial of motion challenging $12,231.50 fee award equivalent to 25% of past benefits and hourly rate of $736.84); Blizzard v. Astrue, 496 F. Supp. 2d 320, (S.D.N.Y. 2007)(approving $26,798.25 fee award equaling 25% of past benefits and amounting to an hourly rate of $705); Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007)(finding $16,890 fee award amounting to 25% of past benefits and hourly rate of $580.67 to be reasonable and rejecting characterization of award as "windfall").

**DISCUSSION**

The Court finds that the Motion demonstrates that "the fee sought is reasonable for the services rendered" and is less than the agreed-upon 25 percent of past-due benefits.[2]  Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought.

Plaintiff's counsel was not responsible for any significant delay in securing plaintiff's benefits.  Nothing in the record before the Court suggests that there was any overreaching in the making of the fee agreement or any impropriety on the part of counsel in his representation of plaintiff before this Court. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, and the Motion seeks no more than the agreed fee.  In view of these circumstances and

---

[2]     25% of $40,611 equals $10,152.75.

1 of the range of hourly rates charged for legal services in the Los
2 Angeles area, the Court finds the *de facto* hourly rate of $212.59 and
3 the total requested fee of $3,152.75 are reasonable under the inquiry
4 called for by Gisbrecht.

**CONCLUSION**

8     For the reasons set forth above, the Motion is GRANTED. Counsel
9 is awarded Section 406(b) fees in the gross amount of $3,152.75. In
10 view of the previous payment of EAJA fees in the amount of $2,423.00,
11 the Commissioner shall certify payment to counsel of a net fee of
12 $729.75. The balance of the withheld funds shall be paid to plaintiff.

14     IT IS SO ORDERED.

16 DATED: June 23, 2009                         /s/
                                    MARGARET A. NAGLE
17                          UNITED STATES MAGISTRATE JUDGE